IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOOD & WATER WATCH, | ) <br> ) <br> ) Civil Action No. 1:17-1485 (ESH) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INTERROGATORIES**

Pursuant to the Court's Order of May 23, 2018, Defendants submit the following objections to Plaintiff's proposed "First Set of Interrogatories Related to Jurisdictional Discovery to Defendants" ("Pl. Proposed Interrogs.").

**I.      DEFENDANTS' OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

1. Defendants object to Plaintiff's proposed interrogatories on the grounds that they are in excess of the number allowed by the Court. The Court authorized Plaintiff to file "no more than eight interrogatories in total to be allocated between the two defendants as plaintiff may choose." Order of May 23, 2018, at 1. Plaintiff has failed to allocate its proposed interrogatories between the two defendants, President Trump and the Department of Transportation. Rather, Plaintiff seeks to serve all eight proposed interrogatories on each of the two defendants, thus resulting in a total of sixteen interrogatories rather than the eight authorized by the Court.

2. Defendants object to Plaintiff's definitions of terms on the grounds that they are overly broad and unduly burdensome. Plaintiff defines "Infrastructure Plan" to mean "any

contemplated, proposed, potential, or adopted plan or action by Defendants with respect to Infrastructure." Pl. Proposed Interrogs., at 2. Plaintiff defines "Meeting" to include "any discussion" through any medium. *Id.* at 3. Plaintiff defines "Identify," with respect to meetings, so as to require Defendants not only to provide the date of the meeting and names and titles of attendees, but also to provide lists of topics discussed, and lists of documents "created for or as a result of such meeting, or referencing such meeting." *Id.* at 4. These definitions go beyond the common meaning of the defined terms and serve as an attempt to expand the scope of Plaintiff's proposed interrogatories beyond the Court's May 23 order. In addition, Plaintiff seeks to circumvent the Court's denial of its request to serve document requests by requiring Defendants to identify lists of documents.

   3. Defendants object to Plaintiff's interrogatories, insofar as they would require Defendants to identify and describe internal documents of Defendants that were not shared outside the Government, on the grounds that such documents would likely be privileged. Plaintiff's definition of "Identify," with respect to meetings, would require Defendants to provide lists of documents created "as a result of" meetings, or "referencing" meetings, which could include internal documents that have not been shared outside the Government. To the extent such internal documents reflect communications of the President and his advisers, they would be protected by the presidential communications privilege. To the extent such internal documents are predecisional and reflect agency deliberations, they would be protected by the deliberative process privilege. The Court's May 23 order specified that attempts to "probe for substantive information relating to . . . recommendations, if any, of advisors, will not be permitted." Order of May 23, 2018, at 2.

## II.     DEFENDANTS' SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:** Identify each and every meeting at which public-private infrastructure investments, including the privatization of government assets, were discussed, and which was attended by or had participation from at least two of the following—Richard LeFrak, Steven Roth, Joshua Harris, or Bill Ford—and at least one of the following—President Trump, Secretary Chao, Jared Kushner, Reed Cordish, Chris Liddell, or DJ Gribbin, or other persons from the White House, OAI, or DOT involved in considering, developing, or implementing infrastructure policy.

**OBJECTIONS:**

1.    Defendants object that this interrogatory seeks information beyond the scope of the Court's May 23 order and is overbroad. The Court ordered that the proposed interrogatories "be limited to determining whether a de facto Infrastructure Council existed in 2017." Order of May 23, 2018, at 1; *see id.* (identifying the intended purpose of permitted interrogatories as "to ascertain whether an Infrastructure Council, falling within the definition of an advisory committee subject to the Federal Advisory Committee Act ("FACA"), existed in violation of FACA"). However, this interrogatory is not tailored to seek information relevant to that limited question. Rather, this interrogatory broadly seeks to require Defendants to identify every individual in the White House Office or Department of Transportation who was "involved in considering, developing, or implementing infrastructure policy" and had any interaction regarding a particular subject matter ("public-private infrastructure investments") with any of the four private individuals (LeFrak, Roth, Harris, and Ford) Plaintiff identifies. *See* Pl. Proposed Interrogs. at 3 (defining "meeting" to include "any discussion, whether in person, by telephone, video, or other means"). That far exceeds the definition of an advisory committee subject to FACA, as this Court's May 23 order explicitly recognized. Order of May 23, 2018, at 2 ("Plaintiff may formulate interrogatories that will allow it to discovery whether the meeting in March 2017 was an 'advisory council' meeting within the meaning of FACA . . ., whether the individuals named in plaintiff's complaint attended any additional meetings *as a group* . . ., and

3

whether those individuals gave advice *as a group* to any federal government official." (emphasis added)). The interrogatory also seeks to require Defendants to provide lists of all topics discussed during such interactions, regardless of whether those interactions qualify as meetings of an advisory committee. *See* Pl. Proposed Interrogs. at 3 (defining "identify," with respect to meetings, to require "a list of the topics discussed related to Infrastructure or the Infrastructure Plan"). The interrogatory thus violates the Court's specific prohibition that Plaintiff not use these interrogatories to "probe for substantive information relating to meetings, if any, with the President or the recommendations, if any, of advisors." Order of May 23, 2018, at 2.

2. Defendants object on the grounds that, not only is the information sought beyond the scope of the Court's May 23 order and overbroad, but it would not be probative of the jurisdictional issue that Plaintiff has identified. Defendants' disclosure of the existence of meetings between White House and Department of Transportation personnel and two or more of the four private individuals that Plaintiff identifies would not shed light on whether a "de facto Infrastructure Council existed." Such meetings could have occurred with the private individuals' participation as individuals rather than as members of an advisory committee. After all, Plaintiff's Amended Complaint describes these four individuals as businessmen, each of whom independently have significant business interests in infrastructure-related issues. Am. Compl. ¶¶ 23-26. The fact that the interrogatory specifies meetings in which two or more of the four private individuals participated would do nothing to show that the individuals acted as a group. Indeed, other cases, such as *Freedom Watch, Inc. v. Obama*, 930 F. Supp. 2d 98, 101-02 (D.D.C. 2013), *aff'd*, 559 F. App'x 1 (D.C. Cir. 2014), have involved meetings of large numbers of individuals, yet those individuals each provided their individual views rather than advice as a group. Responses to this interrogatory thus would not provide information relevant to the questions of

whether a committee existed with a "fixed membership," and whether that committee provided group advice, rather than advice as individuals.

3. Defendants object to this interrogatory on the grounds that its general focus on infrastructure, regardless of whether an infrastructure advisory committee was involved, is overbroad and unduly burdensome. This interrogatory covers communications involving any and all "persons from the White House, OAI, or DOT involved in considering, developing, or implementing infrastructure policy," regardless of whether they had any role in attempting to establish an infrastructure advisory committee. It is undisputed that the current Administration has sought to focus on infrastructure-related issues. Thus, many employees of Defendants have been involved in those efforts. It is also undisputed that the current Administration has had discussions on such issues with many private individuals. In order to identify all infrastructure-related communications between any White House, OAI, or DOT employee and any of the four private individuals Plaintiff has specified, Defendants would have to engage in an extensive search of all those employees' communications. Yet, the identification of a communication that qualifies as a "meeting" as described in this interrogatory would not show that the meeting was a meeting of an infrastructure advisory committee or that group advice of such a committee was provided. The effort that would be required for Defendants to search their records in order to identify all communications between any employee of Defendants and any of the four private individuals in which infrastructure-related subjects were discussed is disproportionately burdensome in relation to the potential relevance of the information sought.

4. Defendants object on the grounds that, in seeking information identifying meetings that the President and his White House Office advisers attended, including the names of everyone attending those meetings, topics that were discussed, and all documents created for

or as a result of those meetings or referencing those meetings, Plaintiff would circumvent the limits of the Freedom of Information Act ("FOIA"), which would not allow Plaintiff to obtain this information because the President and close White House Office advisers are not subject to FOIA. Contrary to this Court's instruction in its May 23 order, Plaintiff thus has not been mindful of the separation of powers concerns that the Court has identified. *See* Order of May 23, 2018, at 1-2 (citing *In re Cheney*, 406 F.3d 723, 728 (D.C. Cir. 2005); *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 230 (D.C. Cir. 2013)).

        5.      Defendants object on the grounds that this interrogatory seeks information that includes and exceeds the ultimate relief that Plaintiff could receive if it prevailed in its FACA claim. FACA requires that records made available to or prepared for or by an advisory committee be publicly available, subject to the limits of FOIA. 5 U.S.C. app. 2 § 10. However, FACA does not impose such requirements unless an entity qualifies as an advisory committee within the meaning of FACA. Plaintiff seeks lists and descriptions of meeting-related documents without regard to whether an Infrastructure Council existed. But even if Plaintiff were to prevail in this action, it would not be entitled to information about documents related to meetings that were not meetings of the alleged Infrastructure Council. Moreover, FACA does not impose disclosure obligations for documents that merely "reference" an advisory committee meeting. Yet Plaintiff seeks to require Defendants to identify this entire category of documents.

**INTERROGATORY NO. 2:** Identify each and every meeting at which infrastructure permitting processes, including but not limited to the implementation of a bankruptcy-style arbitration process, were discussed, and which was attended by or had participation from at least two of the following—Richard LeFrak, Steven Roth, Joshua Harris, or Bill Ford—and at least one of the following—President Trump, Secretary Chao, Jared Kushner, Reed Cordish, Chris Liddell, or DJ Gribbin, or other persons from the White House, OAI, or DOT involved in considering, developing, or implementing infrastructure policy.

**OBJECTIONS:** Because this interrogatory, like Interrogatory No. 1, broadly seeks information about meetings at which certain topics were discussed, and in which two of the four private individuals Plaintiff has identified participated, but does not seek information that would indicate whether an infrastructure advisory committee existed with a "fixed membership," and whether that committee provided group advice, rather than advice as individuals, the same objections set forth in regard to Interrogatory No. 1 apply here, and Defendants incorporate them herein.

**INTERROGATORY NO. 3:** Identify each and every meeting at which the Federal Flood Risk Management Standard was discussed, and which was attended by or had participation from at least two of the following—Richard LeFrak, Steven Roth, Joshua Harris, or Bill Ford—and at least one of the following—President Trump, Secretary Chao, Jared Kushner, Reed Cordish, Chris Liddell, or DJ Gribbin, or other persons from the White House, OAI, or DOT involved in considering, developing, or implementing infrastructure policy.

**OBJECTIONS:** Because this interrogatory, like Interrogatory No. 1, broadly seeks information about meetings at which certain topics were discussed, and in which two of the four private individuals Plaintiff has identified participated, but does not seek information that would indicate whether an infrastructure advisory committee existed with a "fixed membership," and whether that committee provided group advice, rather than advice as individuals, the same objections set forth in regard to Interrogatory No. 1 apply here, and Defendants incorporate them herein.

**INTERROGATORY NO. 4:** Identify each and every meeting which was attended by or had participation from at least two of the following—Richard LeFrak, Steven Roth, Joshua Harris, or Bill Ford—and at least one of the following—President Trump, Secretary Chao, Jared Kushner, Reed Cordish, Chris Liddell, or DJ Gribbin, or other persons from the White House, OAI, or DOT involved in considering, developing, or implementing infrastructure policy.

**OBJECTIONS:** Because this interrogatory, like Interrogatory No. 1, broadly seeks information about meetings in which two of the four private individuals Plaintiff has identified

7

participated, but does not seek information that would indicate whether an infrastructure advisory committee existed with a "fixed membership," and whether that committee provided group advice, rather than advice as individuals, the same objections set forth in regard to Interrogatory No. 1 apply here, and Defendants incorporate them herein.

Defendant further objects that this interrogatory is overbroad and unduly burdensome to an even greater extent than Interrogatories Nos. 1-3 because this interrogatory seeks information about *all* communications, regardless of topic, involving *any* of Defendants' employees involved in any way with infrastructure—thus presumably including most if not all Department of Transportation employees as well as a large number of White House Office employees—and at least two of the four private individuals. Yet information about communications that did not address either infrastructure or the formation of an infrastructure advisory committee could not possibly be relevant to whether an infrastructure advisory committee existed with a "fixed membership," and whether that committee provided group advice, rather than advice as individuals. The effort that would be required for Defendants to search their records in order to identify all such communications is disproportionately burdensome in relation to the potential relevance of the information sought.

**INTERROGATORY NO. 5:** For the meeting held on March 8, 2017, which was reportedly attended by or had participation from Richard LeFrak, Steven Roth, Joshua Harris, Bill Ford, President Trump, and Secretary Chao, identify (a) all attendees and participants, (b) the purpose of and agenda for the meeting, (c) all topics discussed at the meeting, (d) all action items and instructions that resulted from the meeting, and (e) all documents created for or as a result of the meeting, or referencing the meeting.

    **OBJECTIONS:**

        1.     Defendants object that this interrogatory seeks information beyond the scope of the Court's May 23 order and is overbroad. The Court's order stated that "Plaintiff may

8

formulate interrogatories that will allow it to discover whether the meeting in March 2017 was an 'advisory council' meeting within the meaning of FACA." Order of May 23, 2018, at 2. However, the Court specifically prohibited Plaintiff from using these interrogatories to "probe for substantive information relating to meetings, if any, with the President or the recommendations, if any, of advisors." Order of May 23, 2018, at 2. This interrogatory seeks to require Defendants to identify "topics discussed," "action items and instructions that resulted from the meeting," and "documents created for or as a result of the meeting, or referencing the meeting"—all of which would serve to probe, contrary to the Court's order, for substantive information relating to this meeting, which the interrogatory presupposes the President attended.

        2.        Defendants object on the grounds that, not only does this interrogatory seek information that is beyond the scope of the Court's May 23 order and overbroad, but it seeks information that would not be probative of the jurisdictional issue that Plaintiff has identified. The interrogatory seeks information that would not shed light on whether a "de facto Infrastructure Council existed," or whether the four private individuals Plaintiff has identified participated in this meeting as individuals or as members of a group with a "fixed membership," or whether they provided group advice, rather than advice as individuals.

        3.        Defendants object on the grounds that this interrogatory seeks information that includes and exceeds the ultimate relief that Plaintiff could receive if it prevailed in its FACA claim. FACA requires that records made available to or prepared for or by an advisory committee be publicly available, subject to the limits of FOIA. 5 U.S.C. app. 2 § 10. However, FACA does not impose such requirements unless an entity qualifies as an advisory committee within the meaning of FACA. Plaintiff seeks this information without regard to whether an Infrastructure Council existed. Moreover, FACA does not impose disclosure obligations for

9

documents that merely "reference" an advisory committee meeting. However, Plaintiff seeks to require Defendants to identify this entire category of documents with respect to the March 2017 meeting.

**INTERROGATORY NO. 6**: Explain why each of the meetings identified in response to Interrogatories 1-5 is or is not covered by the phrase "preliminary discussions" as used in the Declaration of Reed Cordish executed on October 16, 2017 (ECF No. 8-2).

    **OBJECTIONS:**

    1.    Defendants object that this interrogatory, in combination with Interrogatories Nos. 1-5, is overbroad and unduly burdensome. The Court's Order stated that, "[i]f appropriate, plaintiff may seek information that underlies the factual assertions in the declarations filed by Reed Cordish and James Uthmeier." Order of May 23, 2018, at 2. However, rather than limiting this interrogatory to an inquiry of what occurred during the "preliminary discussions" mentioned by Mr. Cordish, Plaintiff has structured its interrogatories to work backwards, first attempting to require Defendants to identify the entire universe of all communications involving certain individuals, and then attempting to require Defendant to address how each of those communications relates to Mr. Cordish's statement. Plaintiff thus begins with the speculative premise that all communications involving any of the four private individuals and White House Office or DOT personnel, on the subject of infrastructure, were either preliminary discussions or else meetings of an Infrastructure Council. However, this is a flawed dichotomy because any of these four private individuals may have communicated with White House Office or DOT personnel simply as individuals, and not in any role as a member or potential member of an infrastructure advisory council. By structuring its inquiry in this manner, Plaintiff does not seek information that will shed light on whether a "de facto Infrastructure Council existed," or whether the four private individuals Plaintiff has identified

participated in communications as individuals or as members of a group with a "fixed membership," or whether they provided group advice, rather than advice as individuals. This interrogatory would impose disproportionate burdens on Defendants by requiring Defendants to address an entire universe of communications involving the four private individuals rather than communications that related in some way to the planned infrastructure advisory committee described in Mr. Cordish's declaration.

**INTERROGATORY NO. 7:** Identify each and every document related to any Infrastructure Policy or Infrastructure Plan that was provided by the White House, OAI, or DOT and was reviewed, in whole or in part, by Richard LeFrak, Steven Roth, Joshua Harris, or Bill Ford, or that was drafted in whole or in part by or on behalf of Richard LeFrak, Steven Roth, Joshua Harris, or Bill Ford.

**OBJECTIONS:**

1. Defendants object that this interrogatory seeks information that is beyond the scope of the Court's May 23 order and not relevant, and is overbroad. This interrogatory is not tailored to the question of whether a "de facto Infrastructure Council existed"; whether the four private individuals Plaintiff has identified were members of a group with a "fixed membership"; or whether they provided group advice, rather than advice as individuals. Indeed, by focusing on the identification of documents rather than seeking information relevant to jurisdiction, Plaintiff has structured this interrogatory as a preliminary step toward seeking the production of documents. But because the Court has not authorized Plaintiff to serve document requests, any information yielded by this interrogatory would not be relevant. A mere list of documents would not shed light on whether an infrastructure advisory council existed. Nothing in this interrogatory seeks information that would indicate whether or how any such documents relate to an infrastructure advisory council.

2. Defendants object on the grounds that this interrogatory seeks information that includes and exceeds the ultimate relief that Plaintiff could receive if it prevailed in its FACA claim. FACA requires that records made available to or prepared for or by an advisory committee be publicly available, subject to the limits of FOIA. 5 U.S.C. app. 2 § 10. However, FACA does not impose such requirements unless an entity qualifies as an advisory committee within the meaning of FACA. Plaintiff seeks to require Defendants to identify documents that FACA might require be publicly available if there had in fact been an infrastructure advisory council, without first establishing that an Infrastructure Council existed.

**INTERROGATORY NO. 8**: Identify all communications sent to or from any of the following—Richard LeFrak, Steven Roth, Joshua Harris, or Bill Ford—and at least one of the following—President Trump, Secretary Chao, Jared Kushner, Reed Cordish, Chris Liddell, or DJ Gribbin, or other persons from the White House, OAI, or DOT—which refer to a body of outside advisors on infrastructure policy, including references to said body as an "infrastructure advisory council," "infrastructure council," "advisory council," "infrastructure committee," "infrastructure advisory committee," or "advisory committee," or to the Federal Advisory Committee Act, including compliance with that Act.

**OBJECTIONS:**

1. Defendants object that this interrogatory is overbroad and seeks information not relevant to any jurisdictional issue to the extent it seeks to require Defendants to identify communications that might refer to an infrastructure advisory council only in passing, without addressing the formation or existence of such a council. Moreover, it is undisputed that the President was interested in establishing an infrastructure advisory council and that preliminary discussions occurred regarding the formation of such a council. Nothing in Plaintiff's interrogatory distinguishes between such communications and communications that might support Plaintiff's theory that a "de facto" Infrastructure Council existed.

2. Defendants object that this interrogatory seeks information that is outside

the scope of the Court's May 23 order and not relevant, because it seeks only the identification of documents ("communications" that were "sent" and that "refer to" certain terms) rather than seeking information relevant to jurisdiction. Plaintiff has structured this interrogatory as a preliminary step toward seeking the production of documents. But because the Court has not authorized Plaintiff to serve document requests, any information yielded by this interrogatory would not be relevant. A mere list of documents that reference an infrastructure advisory council would not shed light on whether an infrastructure advisory council existed when it is undisputed that there were preliminary discussions regarding the formation of such a council.

3. Defendants object on the grounds that, in seeking information identifying communications involving the President and his White House Office advisers, this interrogatory seeks to circumvent the limits of FOIA, which would not allow Plaintiff to obtain this information because the President and close White House Office advisers are not subject to FOIA. Plaintiff thus has not been mindful of the separation of powers concerns that this Court has identified. *See* Order of May 23, 2018, at 1-2.

Dated:  June 4, 2018

Respectfully Submitted,
CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
MARCIA BERMAN
Assistant Director, Federal Programs Branch

 /s/ Kathryn L. Wyer
KATHRYN L. WYER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW Room 7124
Washington, D.C. 20530
Tel.: (202) 616-8475 / Fax: (202) 616-8470
Email: kathryn.wyer@usdoj.gov
*Attorneys for Defendants*